UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>                              Plaintiff,<br><br>         v.<br><br>**Alfredo DELGADILLO-Coronado**<br><br>                              Defendant. | Magistrate Case No.<br>**'08 MJ 1500**<br><br>COMPLAINT FOR VIOLATION OF:<br><br>Title 8, U.S.C., Section 1326;<br>Deported Alien Found in the<br>United States |

The undersigned complainant, being duly sworn, states:

On or about **April 21, 2008,** within the Southern District of California, defendant, **Alfredo DELGADILLO-Coronado**, an alien who previously had been excluded, deported and removed from the United States to Mexico, was found in the United States without the Attorney General of the United States, or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States, in violation of Title 8, United States Code, Section 1326.

And the complainant further states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

_____
SIGNATURE OF COMPLAINANT
Immigration Enforcement Agent
Immigration & Customs Enforcement

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS **14th** DAY OF **May, 2008.**

_____
UNITED STATES MAGISTRATE JUDGE

**CATHY ANN BENCIVENGO**

## PROBABLE CAUSE STATEMENT

On April 21, 2008, the defendant identified as, Alfredo DELGADILLO-Coronado, was apprehended by the the United States Border Patrol in San Diego, California, for illegal entry. Subsequently a State Parole hold was issued and the defendant was booked into county jail for violation of Penal Code 3056, (Violation of Parole). A Border Patrol agent determined the defendant to be a citizen of Mexico and placed a Form I-247 (Immigration Hold) on April 22, 2008 pending his release from custody.

The defendant was referred to the custody of the United States Immigration and Customs Enforcement, (ICE) San Diego, California, on May 13, 2008; whereupon, a Deportation Officer conducted computer database record checks and reviewed various sources of information confirming the defendant to be a citizen of Mexico having been deported or removed from the United States to Mexico.

A review of official immigration computer database record checks and information contained in the Alien Registration file revealed the defendant was most recently ordered deported from the United States by an Immigration Judge on July 20, 2000, and removed the same day via the Nogales, Arizona, Port of Entry. Record checks further indicate that the defendant has not applied to the Attorney General of the United States or the Secretary of the Department of Homeland Security for permission to re-enter the United States.

The Automated Biometric Fingerprint Identification System (IDENT) was utilized and compared the defendant's fingerprints to those contained in this database. The results confirmed his identity as Alfredo DELGADILLO-Coronado, a citizen and national of Mexico. A photograph and a set of fingerprints contained within the official Alien Registration File were also reviewed and compared to the defendant, further confirming his identity.

The defendant was admonished as to his rights per Miranda, acknowledged those rights and elected to answer questions without counsel present. The defendant admitted his true name is Alfredo DELGADILLO – Coronado, that he is a citizen of Mexico by virtue of birth in Jalisco, Mexico on March 9, 1972 and that he had been deported or removed from the United States. The defendant also admitted that he had not obtained a waiver in order to re-enter the United States, that he has no documents to enter or reside in the United States and knew it to be against the law to re-enter the United States after having been deported.

Based upon the foregoing information, there is probable cause to believe that Alfredo DELGADILLO-Coronado has illegally re-entered the United States after Deportation, in violation of Title 8 of the United States Code 1326, "Deported Alien Found in the United States."